CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

MAR 0 5 2014

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

# United States District Court
## Western District of Virginia
### Harrisonburg Division

|  |  |
|---|---|
| RUSSELL L. EBERSOLE, etc., ) | Civil No.: 5:13cv00116 |
| Plaintiff, ) | |
| v. ) | REPORT AND |
|  ) | RECOMENDATION |
| CHERYL L. ANDERSON, ) | |
|  ) | By: Hon. James G. Welsh |
| Defendant ) | U. S. Magistrate Judge |

## I.  Case Summary and Procedural Posture

Asserting claims of defamation *per se*, defamation *per quod*, and statutory business conspiracy under Virginia law, Russell L. Ebersole, d/b/a Aberdeen Acres Pet Care Center, appearing *pro se* originally instituted his cause of action against Cheryl Anderson in the Circuit Court for the City of Winchester (Virginia) on November 20, 2012 (docket # 1-1). Five days short of one year later, the plaintiff effected service of process on the defendant. (docket #1, ¶ 2) The defendant thereafter timely filed her notice of removal based on this court's original jurisdiction pursuant to 28 U.S.C. § 1332 (docket #1), and she filed Rule 12 motions to dismiss (docket #2) and for a more definite statement (docket #4); each was filed with a supporting memorandum of points and authorities (docket #3 and #5).

On December 16, 2013 the clerk's office sent the plaintiff a notice pursuant to *Roseboro v. Garrison*, 528 F.2$^d$ 309 (4th Cir. 1975), apprising him that a failure to respond to the defendant's motions could result in the dismissal of his complaint (docket #6). Although the

plaintiff did not respond directly to either of the defendant's motions, on January 6, 2014 he moved for entry of voluntary dismissal without prejudice (docket #12).

This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) for proposed findings of fact and a recommended disposition (docket #8). To ensure a full understanding of the allegations in the complaint this matter was scheduled for oral argument on the pending motions. *See Gordon v. Leeke,* 574 F.2$^d$ 1147, 1152-53 (4th Cir. 1978) ("A district court is not required to act as an advocate for a *pro se* litigant; but when such a litigant has alleged a cause of action which may be meritorious against a person or persons unknown, the district court should afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed and direct or permit amendment of the pleadings to bring that person or persons before the court.").

At the hearing on February 18, 2014 the plaintiff, proceeding *pro se*, was present in person, and the defendant was present by counsel. At that time, the plaintiff represented to the court that he had seen neither the defendant's motions nor the court's *Roseboro* notice. He further represented that he was incarcerated at the time these motions and the *Roseboro* notice were mailed to his home address, and he informed the court that in accordance with his motion (docket #15) he was seeking a dismissal of his suit against the defendant without prejudice. In opposition, the defendant argued that Rule 41(a)(2) permits a voluntary dismissal only "by court order, on terms that the court considers proper" (*see* docket #14).

The court order requirement in Rule 41(a)(2), however, is inapposite. As a specifically recognized exception to Rule 41(a)(2)'s court approval requirement, Rule 41(a)(1)(A)(i)

provides that the "plaintiff may dismiss an action without court order ... before the opposing party serves either an answer or notion for summary judgment." Therefore, with no answer or summary judgment motion having been filed, dismissal of his complaint without prejudice "is available [to the plaintiff] as a matter of unconditional right," and [it] is self-executing." *Buzzell v. Wallins*, 2010 U.S. Dist. LEXIS 58919, *4; (EDVa. June 15, 2010) (quoting *Marex Titanic, Inc. v. The Wrecked and Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993)).

Recognizing that this court is charged with liberally construing complaints filed by *pro se* litigants, and allowing them to develop fully potentially meritorious cases, see *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972), the plaintiff was advised that a potential consequence the dismissal of his complaint (docket #1-1) without prejudice may be that his defamation (Counts I and II) and his civil conspiracy (Count III) claims will be time-barred on the date of dismissal. See *Martin v. United States*, 317 Fed. Appx. 869, 870 n. 1 (11th Cir, 2008).

The plaintiff was further advised, and he specifically acknowledged, that in Virginia a defamation claim may be brought no later than one year after the allegedly defamatory statement is made, Va. Code Ann. § 8.01-27.1(1950, as amended); see also *Brown v. Am. Broad. Co.*, 704 F.2d 1296, 1300 (4th Cir. 1983), and that a business conspiracy claim in violation of Va. Code §§ 18.2-499-500 is similarly subject to a two-year statute of limitations. *Amr v. Va. State Univ.*, 2011 U.S. Dist. LEXIS 110747, *45 (EDVa. Aug. 1, 2011). Consistent with the applicable statute of limitations, the defendant further represented to the court that in the event he refilled his claims against the named defendant he would be able to allege defamation claims with the

requisite date and specificity and that he would be similarly able to allege a cognizable civil conspiracy claim under Va. Code Ann. §§ 18.2-499-500 (1950, as amended).

Because of the plaintiff's *pro se* status and his current penal-related restrictions, in the event he chooses to re-instituted any of his claims against the named defendant, he was informed that he must provide the court and to any party served with process with a postal address at which he can receive and retrieve mail and case-related pleadings and papers on a regular and timely basis.

## II.     Summary Disposition

The undersigned therefore hereby respectfully **PROPOSES** that the plaintiff's motion to dismiss without prejudice be confirmed and that his several acknowledgments and representations described herein in some detail be accepted. It is **RECOMENDED**, that the plaintiff's motion to dismiss without prejudice (docket #15) be **GRANTED** pursuant to Rule 41(a)(1)(A)(i) and this matter be **DISMISSED** from the court's active docket.

## II.     Proposed Findings of Fact

As supplemented by the above summary and analysis and on the basis of a careful and thorough examination of the full record, the undersigned submits the following formal findings, conclusions and recommendations:

1. The plaintiff has moved the court for entry of an order of dismissal without prejudice;
2. The defendant has moved to dismiss pursuant to Rule 12(b)(6) and for a bill of particulars pursuant to Rule 12(e);

3. The defendant has neither filed an answer nor filed for summary judgment;

4. Dismissal of his complaint without prejudice s available [to the plaintiff] as a matter of unconditional right pursuant to Rule 41(a)(1)(A)(i), and his motion is in effect self-executing;

5. Therefore, the defendant's Rule 12 motions are moot;

6. The plaintiff is aware and acknowledges that his decision to non-suit this matter has cause his defamation (Counts I and II) and his civil conspiracy (Count III) claims to be time-barred on the date of dismissal;

7. The plaintiff represented that, if he refilled suit against the named defendant, he would be able to allege defamation claims with the requisite date and defamatory statement specificity, and he would be similarly able to allege a cognizable civil conspiracy claim under Va. Code Ann. §§ 18.2-499-500 (1950, as amended);

8. The plaintiff was informed, and he specifically acknowledged that in the event he refilled suit, particularly given his *pro se* status pro and his current penal-related restrictions, he would be obligated to provide the court and to any party served with process with a postal address at which he can receive and retrieve mail and case-related pleadings and papers on a regular and timely basis; and

9. The plaintiff was directed to keep his address updated and current in this matter and in the event of his involvement as a pro se litigant in any future proceedings in this court.

## VI. Directions to Clerk

The clerk is directed to transmit the record in this case immediately to the presiding district judge and to transmit a copy of this Report and Recommendation to the *pro se* plaintiff and all counsel of record.

## VII. Notice to the Parties

Both sides are reminded that, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, they are entitled to note objections, if any they may have, to this Report and

5

Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned to which an objection is not specifically made within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitals or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objections.

DATED: this 4th day of March 2014.

/s/ James G. Welsh

United States Magistrate Judge